**FILED**

06/01/2026 at 6:00 PM

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

DAVON FENNELL-MASSEY

Magistrate No. 26-913

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
AND ARREST WARRANT**

I, Special Agent Ryan P. O'Sullivan, being first duly sworn, hereby depose and state as follows:

## I.     INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Pittsburgh Field Office, Group II. I have been employed as an ATF Special Agent since September of 2015. While at the ATF National Academy, I received extensive training in investigating federal firearms, arson, explosives, and narcotics related violations, conducting surveillance, establishing probable cause, and executing search and arrest warrants.

2.      As an ATF Special Agent, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3.      As an ATF Special Agent, I am responsible for enforcing Federal criminal statutes and am authorized to serve arrest and search warrants under the authority of the United States. I have participated in numerous federal and state search warrants related to firearms, arson, explosives and narcotics violations, and I have assisted in the writing of affidavits to this effect.

4.      I have participated in criminal investigations with ATF as well as other federal, state and local law enforcement agencies relating to violations of various federal laws. I have been involved in firearms and narcotics-related arrests and the execution of search warrants and arrest warrants, which resulted in the seizure of firearms and narcotics and have assisted in the supervision of activities of confidential informants who provided information and assistance resulting in controlled purchases of firearms and narcotics.

5.      The following allegations are based on an investigation in which I participated firsthand, and therefore are based on my firsthand knowledge as well as information provided to me by other agents, law enforcement personnel, and/or witnesses.  This affidavit is submitted for the limited purpose of establishing probable cause of a violation of 18 U.S.C. § 922(o). Accordingly, it does not include every fact known to me in connection with this investigation.

## II.    INTRODUCTION AND AGENT BACKGROUND

6.      On Wednesday, March 27, 2026, a Pittsburgh Bureau of Police Violence Prevention Unit Detectives attempted to conduct a vehicle stop on a black Chevrolet Equinox that was being driven by Davon Fennell-Massey (hereinafter "FENNELL-MASSEY"). Upon activating emergency lights, FENNELL-MASSEY immediately shifted the vehicle in reverse and attempted to flee at a high rate of speed. He crashed into a parked car, and his vehicle came to a halt. FENNELL-MASSEY and the front passenger were ordered out of the vehicle and placed in handcuffs without further issue.

7.      Inside the vehicle in plain view, underneath the driver's seat was a black Glock pistol equipped with a machinegun conversion device commonly referred to as a "Glock Switch." A machinegun conversion device is designed solely and exclusively for the purpose of converting

a semi-automatic pistol to be able to fire in a fully automatic capacity. The firearm was also equipped with a laser attachment and a loaded extended magazine.

8.      Once the firearm was located, FENNELL-MASSEY made the spontaneous utterance "That's mine, she ain't got nothing to do with this."

9.      FENNELL-MASSEY was then read his Miranda Rights, to which he stated he understood. During his conversation with the Detectives, FENNELL-MASSEY stated that nothing in the car belongs to the passenger, and he indicated that the firearm was his. When he was asked to describe the firearm, FENNELL-MASSEY described it as a black Glock. He also acknowledged the full-auto switch (Glock Switch) equipped on the firearm but stated that he didn't know if it worked because he hadn't had a chance to try it yet. FENNELL-MASSEY told the detectives that he paid $1,200 for the gun and purchased it 3 or 4 days prior.

10.     The black Glock pistol located in the vehicle was examined by the Allegheny County crime lab, and when it was test-fired, it was found to be operable. The lab also confirmed that the aftermarket switch caused the pistol to only fire fully automatic.

11.     A machinegun is defined at Title 26, United States Code, Section 5845(b) as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger…"

## III.    CONCLUSION

12.     Based upon my training, knowledge, experience, and the foregoing facts, I believe probable cause exists that on or about March 27, 2026, in the Western District of Pennsylvania, FENNELL-MASSEY did unlawfully possess a machinegun, in violation of Title 18, United States Code, Section 922(o).

The above information is true and correct to the best of my knowledge, information, and belief.

/s/ Ryan P. O'Sullivan
Ryan P. O'Sullivan, Special Agent
Bureau of Alcohol, Tobacco, Firearms and explosives

Sworn to and subscribed to before me,
by telephone Pursuant to Fed. R. Crim. P.
4.1(b)(2)(A), this 1st day of June 2026.

s/Kezia O. L. Taylor
THE HONORABLE KEZIA O. L. TAYLOR
UNITED STATES MAGISTRATE JUDGE